IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



| LARNELL PINSON, | CASE NO: |
|---|---|
| Plaintiff, | |
| v. | 09-61979 |
| EMPIRE EDUCATION GROUP d/b/a EMPIRE BEAUTY SCHOOL, INC. | CIV - DIMITROULEAS |
| Defendant. | |
| _____/ | MAGISTRATE JUDGE SNOW |

### COMPLAINT

COMES NOW the Plaintiff, LARNELL PINSON, by and through her undersigned counsel, and sues the Defendant, EMPIRE EDUCATION GROUP d/b/a EMPIRE BEAUTY SCHOOL, INC., (hereinafter collectively referred to as "EMPIRE BEAUTY SCHOOL") and for her cause(s) of action, states the following:

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Declaratory Judgment Act, 28 U.S.C. §2201, and supplemental claims jurisdiction pursuant to 28 U.S.C. § 1367.

2. Defendant, EMPIRE BEAUTY SCHOOL, is a Pennsylvania corporation and doing business in Broward County, Florida. At all times material herein, EMPIRE

        BEAUTY SCHOOL owns and/or operates a place of education and is a degree granting institution training and educating individuals for careers in cosmetology, skin and nails.

3. EMPIRE BEAUTY SCHOOL has corporate schools owned by the Defendant in 87 different locations across the country, and one school in the state of Florida. Other than corporate schools, EMPIRE BEAUTY SCHOOL has affiliates in different states.

4. Defendant EMPIRE BEAUTY SCHOOL offers courses related to certification and credentialing for professional and/or trade purposes pursuant to 28 C.F.R. § 36.309.

5. The EMPIRE BEAUTY SCHOOL facility in Lauderhill, Florida, is comprised of theory classrooms, practical training areas and on-the-job simulation areas.

6. Plaintiff, LARNELL PINSON is a resident of Sunrise, Florida and is deaf. Accordingly, she is a qualified individual with disabilities under the Americans with Disabilities Act and the Rehabilitation Act.

7. Plaintiff, LARNELL PINSON was a student at EMPIRE BEAUTY SCHOOL from April 2009 to July 2009.

8. Prior to enrolling in EMPIRE BEAUTY SCHOOL, LARNELL PINSON communicated with Neil Finkelstein and Maria Valdes to explain that she was deaf and needed an interpreter so she could understand the instruction. LARNELL PINSON was assured that she would receive an accommodation.

9. The Cosmetology class curriculum involves 1200 hours to satisfy Florida State requirements. The program includes extensive instruction and practical experience in cutting, hair coloring, perming, customer service, personal appearance & hygiene, personal motivation & development, retail skills, client record keeping, business ethics, as well as sanitation, state laws & regulations, salon type administration, and job interviewing.

10. The day classes which LARNELL PINSON signed up for involved 35 hours per week for 35 weeks. The program is divided into pre-clinical classroom instruction and clinical service learning experiences.

11. Despite multiple requests, LARNELL PINSON received neither interpreters nor any mode of effective communication during her tenure at EMPIRE BEAUTY SCHOOL.

12. Because of the failure to provide any effective communication to LARNELL PINSON, she was unable to unable to continue her matriculation at EMPIRE BEAUTY SCHOOL.

13. LARNELL PINSON retained the Law Offices of Matthew W. Dietz, P.L., and has agreed to pay a reasonable fee for the services rendered herein.

## COUNT ONE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

14. Plaintiff restates paragraphs one through 13 as if alleged herein.

15. EMPIRE BEAUTY SCHOOL is a public accommodation pursuant to 42 U.S.C. § 12181(7)(J)

16. EMPIRE BEAUTY SCHOOL offers courses related to certification and credentialing for professional and/or trade purposes pursuant to 28 C.F.R. § 36.309

17. EMPIRE BEAUTY SCHOOL discriminated against Plaintiff LARNELL PINSON by affording her the opportunity to participate in or benefit from a service, privilege and advantage of EMPIRE BEAUTY SCHOOL that is not equal to that afforded to other, hearing individuals, by failing to provide appropriate auxiliary aids and services.

18. EMPIRE BEAUTY SCHOOL has failed to provide appropriate auxiliary aids and services to LARNELL PINSON as required by the Americans with Disabilities Act.

19. LARNELL PINSON would like to retake the curriculum at EMPIRE BEAUTY SCHOOL with Defendant providing her with effective communication.

20. Plaintiff has retained the services of The Law Offices of Matthew W. Dietz, P.L., and has agreed to pay them a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred in this action, Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

WHEREFORE, Plaintiff respectfully requests the Court declare that the actions of Defendant violated the Americans with Disabilities Act, issue a permanent injunction enjoining the Defendant from continuing its discriminatory policies and practices and forcing them to re-admit Plaintiff and provide Plaintiff effective auxiliary services, and awarding Plaintiffs her attorney's fees, costs, and

expenses incurred in this action.

## COUNT TWO
## REHABILITATION ACT OF 1973

21. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 13, above.

22. LARNELL PINSON is a qualified individual with disabilities according to 34 C.F.R. § 104.3.

23. Defendant accepts federal loans or subsidies or otherwise a recipient of federal financial assistance directly or through another recipient, including any successor, assignee, or transferee of a recipient.

24. In fact, Plaintiff has thousands of dollars of student aid payable.

25. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, et seq., require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, or activities which receive Federal financial assistance.

26. Plaintiff has been subject to discrimination under the Rehabilitation Act and its implementing regulations by Defendant's failure to provide LARNELL PINSON an interpreter, note taker, or any auxiliary aid or service.

27.   LARNELL PINSON made Defendant aware on many occasions of the requirement of providing auxiliary aids and services to her, and either Defendant intentionally, or in reckless disregard for Plaintiff's protected rights, refused to do so.

28.   As a result of the Defendant's actions, the Plaintiff has suffered damages, embarrassment and humiliation.

WHEREFORE, the Plaintiff respectfully requests the Court declare that the actions of Defendant violated Section 504 of the Rehabilitation Act, issue a permanent injunction enjoining the Defendant from continuing its discriminatory policies and practices and forcing them to provide Plaintiff effective auxiliary services and physical modifications to Defendant's premises, and awarding Plaintiff damages and her attorney's fees, costs, and expenses incurred in this action.

### COUNT THREE
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

29.   Plaintiff restates paragraphs one through 13 as if alleged herein.

30.   Forcing the Plaintiff to pay thousands of dollars in tuition, incur thousands of dollars in loans and not to receive equal treatment solely due to her disability is prohibited by Florida and Federal law.

31.   Such actions are unfair and deceptive as defined under the Florida Deceptive and Unfair Practices Act, § 501.204, Fla. Stat., and Plaintiff was damaged by Defendant's deception.

32.   Plaintiff has retained the services of The Law Offices of Matthew W. Dietz, P.L., and has agreed to pay them a reasonable fee for services in the prosecution of this cause,

including costs and expenses incurred in this action, Plaintiff is entitled to recover those attorneys fees, costs and expenses from Defendant pursuant to Florida Statute § 501.2105.

33. Pursuant to Florida Statute § 501.211, the Court may issue an order prohibiting the discriminatory practice.

WHEREFORE, the Plaintiff demands judgment against the Defendant for injunctive relief, attorney's fees, and such further relief as the Court deems just and equitable.

Dated this 16th day of December, 2009.

> Law Offices of Matthew W. Dietz, P.L.
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> Tel: (305) 669-2822
> Fax: (305) 442-4181
>
> By: _____
> MATTHEW W. DIETZ, ESQ.
> Florida Bar No.: 0084905

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

09-61979

FILED by RGS D.C.
DEC 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

## I. (a) PLAINTIFFS
LARNELL PINSON

**DEFENDANTS**
EMPIRE EDUCATION GROUP d/b/a EMPIRE BEAUTY SCHOOL, INC.

(b) County of Residence of First Listed Plaintiff **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **BROWARD**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MATTHEW W. DIETZ, ESQ.
LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 SW 35TH AVENUE
MIAMI, FL 33133

Attorneys (If Known)
CIV-DIMITROULEAS

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE

MAGISTRATE JUDGE SNOW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☑ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12188. Failure to provide accommodation to deaf.

LENGTH OF TRIAL via _10_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
DATE 12-16-09

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 1013796
12/16/09